Filed 12/23/22  P. v. Peterson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C095232 |
| Plaintiff and Respondent, | (Super. Ct. No. 62180428) |
| v. | |
| ANDREW JON PETERSON, | |
| Defendant and Appellant. | |

A jury found defendant Andrew Jon Peterson guilty of stalking.  The trial court imposed the upper term of three years and suspended the sentence.  Defendant contends that the trial court failed to comply with Penal Code[1] section 1170, subdivision (b)(1) and (2), enacted by Senate Bill No. 567 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), effective January 1, 2022, which makes the middle term the presumptive term.

---

[1]     Undesignated statutory references are to the Penal Code.

1

However, shortly after the amendments to section 1170 became law, the trial court recalled the sentence under section 1172.1 (former § 1170.03)[2] and sentenced defendant to the middle term of two years.  Therefore, defendant's appeal is moot and will be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual details of defendant's crime are not pertinent to this appeal.  In sum, when the victim and defendant broke off their relationship, defendant began a campaign of harassing text messages, phone messages, and e-mails to the victim despite her repeated requests to stop.  Defendant, a pilot, flew low over the victim's house on multiple occasions.

On October 26, 2021, a jury found defendant guilty of stalking.  The trial court sentenced defendant to the upper term of three years, suspended the sentence, and placed defendant on three years' probation.  The trial court also issued a criminal protective order restraining defendant from harassing or having any contact with the victim for 10 years.  (§ 646.9, subd. (k).)

On November 18, 2021, defendant filed a notice of appeal.

On January 7, 2022, the trial court issued an order recalling the sentence under section 1172.1, subdivision (a)(1).

In the interim between defendant's initial sentencing and the order recalling the sentence, the victim reported that defendant committed multiple violations of the criminal protective order.  In a separate case, the prosecutor charged defendant with misdemeanor violations of the criminal protective order.

---

[2]    Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1, with no change in text.  (Stats. 2022, ch. 58, § 9.)  We will refer to the current section 1172.1 in this opinion.

On February 16, 2022, the trial court conducted a hearing on these two separate but related cases.

On the violation of the criminal protective order case, defendant pled no contest. The trial court denied probation and sentenced defendant to 60 days in county jail consecutive to any other sentence imposed.

The trial court then turned to the stalking case, observing: "[On] January 7, 2022, the Court had recalled this judgment and sentence within 120 days based upon the change in the law. The Court had imposed the upper term of three years. And assuming . . . the new law applies . . . but also in reflection [on] the case and the basis for the upper term, the Court hereby now recalls that sentence and strikes the provision about suspending the upper term. So that is hereby stricken in terms of the initial sentence that was imposed and execution of which had been suspended."

The trial court then sentenced defendant to the middle term of two years. The court credited defendant with 350 days actual custody and 350 days for conduct for a total of 700 days. Defendant admitted a probation violation based on his no contest plea to the charge of violating the criminal protective order. In lieu of sentencing defendant for violating probation, the court denied probation in its new sentence on the stalking conviction. Given the probation violation, the court imposed a previously suspended $300 parole revocation fine under section 1202.44 and suspended a $300 probation revocation fine under section 1202.45, pending defendant's performance upon release from custody.

Defendant's opening brief appealing the original sentence was filed five months later. In the respondent's brief, the People noted that the initial sentence had been recalled and the trial court imposed the middle term; therefore, the appeal is moot.

## DISCUSSION

On appeal, defendant challenges the three-year suspended sentence imposed for stalking, contending the sentence fails to comply with section 1170, subdivision (b)(1)

3

and (2). However, the trial court recalled and vacated that sentence under section 1172.1 within weeks of the amendments to section 1170 becoming effective and imposed a new sentence compliant with the amended statute. Therefore, this appeal is moot and will be dismissed.

Defendant also contends that, in his initial sentencing, the trial court orally stated that a $300 restitution fine was imposed under section 1202.4, as well as a $30 assessment and $40 fee under Government Code sections 70373 and 1465.8, respectively, would be suspended until victim restitution is paid. Nonetheless, these financial obligations appear in the judgment.

This claim was also made moot by the trial court's recall and resentencing. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1153, fn. 18.) Resentencing necessarily required the trial court to impose a new sentence, including any fines, fees, and assessments. (See *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34.) Thus, any challenge to the fines, fees, and assessments imposed in the original sentence is moot because those fines, fees, and assessments are no longer in effect. (See *People v. Echavarria* (2017) 13 Cal.App.5th 1255, 1272.)

We will therefore dismiss the entire appeal as moot.

## DISPOSITION

The appeal is dismissed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Boulware Eurie, J.